## E. J. BETTIS v. J. W. KEY.

### Decided April 30, 1910.

**1.—Landlord and Tenant—Right of Entry by Landlord.**

Where a tenant abandons a crop the landlord has a right to enter upon the premises for the purpose of saving it, and it is not necessary that the tenant should notify the landlord in person of his intention to abandon the same; it is sufficient if the evidence as a whole, including the acts and declarations of the tenant, manifest the intention to abandon.

**2.—Same—Charge.**

The issue being whether or not a tenant had abandoned his growing crop, charge of the court considered and held contradictory and erroneous in that it unduly limited the landlord's right to enter upon the premises for the purpose of protecting his interest in the crop.

Error from the District Court of Eastland County. Tried below before Hon. C. C. Higgins, Judge, presiding on exchange.

*J. J. Butts* and *Stubblefield & Patterson,* for plaintiff in error.

*D. B. Trammell* and *D. G. Hunt,* for defendant in error.

Vol. LX Civil—34.

CONNER, CHIEF JUSTICE.—For the year 1908 J. W. Key rented the farm of E. J. Bettis, contracting to cultivate one hundred and forty acres thereof, and therefor to give one-half of the wheat, one-third of the corn, one fourth of the cotton, and one-half of the hay that might be produced. He instituted this suit, alleging, in substance, that on or about May 14, 1908, and before the maturity of any of the crops, his landlord, E. J. Bettis, conspiring together with others, forcibly entered upon the premises and evicted him, converting the partially grown crops, to his actual damage in the sum of six hundred and seventy-five dollars, and because of which he also sought to obtain a large sum of exemplary damages.

The defendant below answered by a general denial, and pleaded specially to the effect that on or about the date alleged the plaintiff abandoned the crops, refusing to harvest the wheat, or to cultivate the corn which had been planted, or to plant any cotton, and that his entry was for the sole purpose of properly cultivating, caring for and maturing the crops as best he could. A statement was made of the cost of maturing the crops and what the crops severally yielded, which gave the amount of eighty-four dollars over the cost of production, and the defendant charged that had the plaintiff in the suit properly planted, cultivated and matured the crops, as he should have done, the yield would have been much greater, and he, defendant, would thereby have received as rent one hundred and sixty-eight dollars more than he did, for which he sought a recovery. The trial resulted in a verdict and judgment against the landlord on his cross-action, and in favor of the tenant, Key, for the sum of six hundred and seventy-five dollars as actual damages, from which judgment the landlord, Bettis, has sued out this writ of error.

As usual in such cases, the evidence of the parties tended in the main to support their allegations, and the court, among other things, instructed the jury in substance that if they should find from the evidence that the plaintiff had breached his rental contract, and failed and refused and neglected to plant cotton, to cultivate the corn and sorghum, and to gather and harvest the wheat, and was not forced to do so by defendant, and that to protect his interest and save himself from loss on account of plaintiff's breach of said contract the defendant was necessarily compelled to employ labor, teams and tools to cultivate and save the crops, then defendant would have the right to cultivate, gather and sell the crops and to apply plaintiff's portion thereof to the payment of the reasonable expenses incurred by the defendant in so doing. He also charged the jury at the request of the plaintiff that, "should you further find that when the rental contract was made and entered into that no provisions were made in said contract for the defendant to enter said premises during the existence of said rental contract for the purposes of working said crop or having the same worked, then you are instructed that the defendant would have no right to enter said premises either by himself or by hired men for the purpose of working said crop or of having the same worked, unless plaintiff abandoned said crop and premises, and by his acts and declarations clearly manifested his intention to the defendant not to further occupy said premises and to work said crop."

We think, under the corcumstances of this case, that the court erred, as plaintiff in error assigns, in giving the special instruction quoted. It seems to be substantially undisputed that on May 14th defendant in error had not planted any cotton; that he had no team with which to plant or cultivate either corn or cotton, his team having been taken from him under a mortgage theretofore given to a merchant; that he had cultivated the corn but little, if any; that after the entry of plaintiff in error he continued to remain upon the premises, occupying the house, refusing to let the landlord plant part of the yard in cotton, occasionally getting some roasting ears, etc., and that when plaintiff in error cut the hay he left one-half of it for the tenant; and that two-thirds of the corn was left in the field for him. It was error, under such circumstances, to instruct the jury in effect that they must find against the defendant in the action, unless they found that the "plaintiff abandoned said crop and premises and by his acts and declarations clearly manifested his intention to the defendant not to further occupy said premises and to work said crop." This clearly conflicted with the court's main charge on the subject and unduly limited plaintiff in error's right to recover. If the tenant abandoned the crops, the landlord would have the right to enter to save them; it was not necessary that the jury further find that the tenant, by his acts and declarations, clearly manifested to the defendant that he intended not to further occupy the premises or to work the crops. If the intention to abandon the crops was manifested by the evidence as a whole, including the acts and declarations of the tenant, it was sufficient, and if as a whole the purpose to abandon the crops was manifested, it was unnecessary that he should have notified the defendant in person of it.

There are numerous other assignments of error, but we deem it unnecessary to notice them particularly. We should, perhaps, however, further say that some of us are inclined to think that, as part of plaintiff's case, it was necessary for him to allege, rather than the defendant, the amount that plaintiff and his farming force could reasonably have earned after the alleged eviction, but inasmuch as before another trial this question may be remedied by amendment, we need not decide the question.

For the error discussed it is ordered that the judgment be reversed and the cause remanded for a new trial.

*Reversed and remanded.*